UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Daniel D. Sheets,                                   Case No. 3:19-cv-38

    Plaintiff

  v.
                                            MEMORANDUM OF OPINION
                                            AND ORDER

Doe, M.D., *et al.*,

    Defendants


INTRODUCTION

*Pro se* Plaintiff Daniel Sheets has filed this civil action against John Doe, M.D., the director or chief executive of St. Luke's Hospital (St. Luke's) in Maumee, Ohio; Jane or John Doe, M.D., a surgeon at St. Luke's; and John Doe, the manufacturer or distributor of the pacemaker at issue in this suit. In his complaint, Plaintiff alleges that the physician Defendant committed medical malpractice in the treatment of his mother for heart disease, including the implantation of a defective pacemaker, which he claims resulted in her death. (Doc. 1.) Plaintiff also has moved to proceed *in forma pauperis* (Doc. 2); that motion is granted. For the following reasons, Plaintiff's complaint is dismissed.

## BACKGROUND

According to the complaint, Plaintiff's 85-year-old mother, Shirley Ann Sheets, underwent emergency surgery in June 2016 at St. Luke's. (Doc. 1 at 2.) The surgeon implanted a pacemaker to treat her heart disease. (*Id.*) Although Mrs. Sheets initially showed signs of recovery after the surgery, her health rapidly declined over the next few months. (*Id.* at 2-3.) She experienced severe head and chest pain and fainted several times. (*Id.*) Each time, she returned to St. Luke's for treatment. (*Id.*) In October 2016, she underwent surgery to relieve pressure in her brain from the build-up of blood and other fluids, and the following month received a hip replacement after she broke a hip from a fall. (*Id.* at 3.) Mrs. Sheets died in January 2017. (*Id.* at 4.)

Plaintiff, Mrs. Sheets' son, has now filed this complaint against the unidentified "director or chief executive/owner" of St. Luke's who is "legally responsible for the overall operation" of the hospital; the unidentified St. Luke's "medical doctor" who performed Mrs. Sheets' surgeries and "diagnostics"; and the "chief manufacturer/distributor" of the allegedly defective pacemaker Mrs. Sheets received. (*Id.* at 2.) The complaint alleges the St. Luke's "medical staff . . . deliberately disregarded serious medical treatment and ill performed surgery rending such performance to be malpractice overall, which caused the demise of Mrs. Sheets at 85." (*Id.* at 4.) It further alleges the pacemaker Mrs. Sheets received was defective, also contributing to Mrs. Sheets' death. (*Id.*) Plaintiff claims he "and his family are suffering from great mental stress, and mental disability by the loss of Mrs. Sheets at this time." (*Id.*)

## DISCUSSION

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill,* 630 F.3d at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Plaintiff's complaint must be dismissed. A threshold question in every federal case is "determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). One issue courts must consider in this inquiry is the plaintiff's standing, or "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* at 498-99 (internal quotation marks and citation omitted). The fact that the plaintiff may collaterally benefit from the court's judgment is not enough to invoke standing; "the plaintiff himself [must have] suffered some threatened or actual injury" resulting from the alleged violation of law. *Id.* at 499 (internal quotation marks and citation omitted).

Similarly, federal law allows parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But "plaintiffs may not appear *pro se* where interests other than their

3

own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). To the extent Plaintiff asserts claims on his mother's behalf or on behalf of his "family," therefore, he lacks standing.

Nor can Plaintiff bring claims on behalf of his mother's estate. A *pro se* litigant can represent an estate only where he or she is the sole beneficiary of the estate and the estate has no creditors. *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015). Plaintiff does not claim to be the executor or administrator of his mother's estate. And he does not allege that he is the sole beneficiary of his mother's estate or that the estate has no creditors. Plaintiff, therefore, also lacks standing to bring these claims on behalf of his mother's estate.

Finally, to the extent that Plaintiff raises claims based on his own "mental stress" and "mental disability" caused by his mother's death, his complaint fails to state a plausible claim upon which relief may be granted. Plaintiff does not specify any viable legal theory or allege any facts supporting this claim for damages. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claims for relief).

## Conclusion

Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of standing and failure to state a claim upon which relief may be granted. This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge